**Robbins Geller Rudman & Dowd LLP**

Boca Raton    Melville       San Diego
Chicago       Nashville      San Francisco
Manhattan     Philadelphia   Washington, D.C.

Mark S. Reich
MReich@rgrdlaw.com

January 25, 2021

<u>VIA ECF</u>

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>*Scott Cholewa v. CVS Health Corporation & Nice-Pak Products, Inc.*</u>, Case No. 2:20-cv-05483-LDH-ST

Dear Judge Hall:

      As counsel for Plaintiff Scott Cholewa ("Plaintiff") in the above-referenced matter, we write in response to Defendants CVS Health Corporation ("CVS") and Nice-Pak Products, Inc.'s ("Nice-Pak") pre-motion letter (ECF No. 14, "Ltr."), filed pursuant to this Court's Individual Practices and Local Rule 37.2, requesting leave to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes this request. As discussed below, Defendants' articulated challenges to Plaintiff's Complaint are premature and insufficient to support their motion.

## I.    The FTC Has Not Assumed Primary Jurisdiction

      The Federal Trade Commission ("FTC") is not, as Defendants claim, "closely monitoring" the marketing or labeling of so-called flushable products. Defendants argue that Plaintiff's claim for injunctive relief should be dismissed because the FTC "assumed 'primary jurisdiction' over the labeling and marketing of Nice-Pak flushable wipes" based solely on a five-year-old Consent Order.[1] Ltr. at 1-2. Since 2015, however, the FTC has not taken any action against defendants – or other manufacturers or retailers of "flushable" products – in connection with the proliferated and ongoing false and misleading marketing of these products as safe for sewer and septic systems. As if the FTC's inaction is not sufficient support for the nonapplication of primary jurisdiction, in 2016 the Honorable Jack B. Weinstein effectively invited the FTC to assume primary jurisdiction. The FTC declined.

      On June 28, 2016, the Judge Weinstein told the parties in a "flushable wipes"-related litigation "to explore the opportunity for aggregate adjudication of their claims before the FTC[.]" *Kurtz v. Kimberly-Clark Corp.*, 315 F.R.D. 157, 159 (E.D.N.Y. 2016) (the first of more than 10 actions concerning the inefficacy of products labeled as flushable). In response, on July 6, 2016, counsel in the coordinated *Belfiore v. The Procter & Gamble Co.*, 2:14-cv-4090 (E.D.N.Y.) action contacted the FTC to inquire as to whether it intended to formally define "flushability" and whether aggregate adjudication by the FTC was feasible. *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 505 (E.D.N.Y. 2017). The FTC responded, by letter dated July 27, 2016, stating that: (1) it cannot engage in "aggregate adjudication" of claims, due to its administrative design; (2) it does not intend to prescribe

---

[1] Available at: https://www.ftc.gov/system/files/documents/cases/151102nice-pakdo.pdf.

trade regulation rules in relation to issues raised by the court's referral; and (3) the parties and the court can look to the Consent Order for guidance on their views regarding "flushability" representations. *See Belfiore*, ECF No. 184-2 ("FTC Letter").

To its word, the FTC took no action in response to Judge Weinstein's recommendation and, despite the products' continued failure to work as advertised, did not seek to enjoin the sale of defendants' (and others') products from labeling their products as flushable. What's more, the FTC did not – before, in connection with, or after the Consent Order – delineate mandatory testing protocols (*e.g.*, frequency; third-party testing facilities) or fashion enforcement mechanisms for products that fail to comply with the Consent Order's guidelines for substantiating dispersibility. In effect, the FTC neither endorsed nor assumed primary jurisdiction over *any* "flushable" products by *any* manufacturers or retailers.

## II.     Plaintiff's Standing to Seek Injunctive Relief

Defendants' argument that Plaintiff "lacks standing to seek injunctive relief because he admits he 'stopped purchasing' CVS's flushable wipes" (Ltr. at 1-3) is premature. Defendants' position assumes that Plaintiff will refrain from purchasing defendants' "flushable" products indefinitely. In *Davidson v. Kimberly-Clark Corp.*, the Ninth Circuit Court of Appeals rejected the notion "that injunctive relief is ***never*** available for a consumer who learns after purchasing a product that the label is false." 873 F.3d 1103, 1115 (9th Cir. 2017). The court in *Davidson* explained that a plaintiff-consumer may face a threat of future harm sufficient to confer standing: (1) where "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to[;]" or (2) where "she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id*. The Court added that the plaintiff "faces a threat of imminent or actual harm by not being able to rely on [defendant manufacturer-retailer]'s labels in the future," and that this harm is sufficient to confer standing to seek injunctive relief. *Id*. at 1112-13.[2] That reasoning, applied here, could serve to confer standing on Plaintiff to assert claims for injunctive relief.

## III.    Certification of a Nationwide Class Is Not at Issue at the Motion to Dismiss Stage

Second Circuit case law provides that a motion to dismiss is not the appropriate stage to evaluate state versus nationwide class claims. *See Hawkins v. Well Path, LLC*, No. 19-cv-8969-VB, 2020 WL 4287447, at *6 (S.D.N.Y. July 27, 2020) ("the Court concludes personal jurisdiction over defendant as to putative out-of-state class claims would be best assessed at the class certification stage of the proceedings, not at the motion to dismiss stage"); *Gonzalez v. Costco Wholesale Corp.*, No. 16-cv-2590 (NGG)(JO), 2018 WL 4783962, at *8 (E.D.N.Y. Sept. 29, 2018) ("because of the 'unsettled nature of the law following Bristol-Myers'[3]- specifically its applicability to federal class

---

[2]  *Cf. Kurtz v. Costco Wholesale Corp.*, No. 17-cv-1856-L (2d Cir. June 26, 2020), ECF No. 293-1 at 5-6 (finding that the plaintiff lacked standing to seek injunctive relief because he did not assert that he intended to purchase the products again).

[3]  *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773 (2017).

actions - this court will defer its resolution of this issue until Plaintiff files a motion for class certification, if she does in fact decide to do so") (emphasis removed); *Campbell v. Freshbev LLC*, No. 1:16-cv-7119 (FB) (ST), 2018 WL 3235768, at *2 (E.D.N.Y. July 3, 2018) (deferring on the question of whether *Bristol-Myers* applied to nationwide class actions until a motion for class certification was brought). Defendants' argument that Plaintiff's nationwide class claims should be dismissed because "none of the non-resident class members Plaintiff seeks to represent can establish specific personal jurisdiction" (Ltr. at 1, 3) should, therefore, be rejected.[4]

### IV. The First-Filed Doctrine Is Inapplicable

*Finally*, the first-filed doctrine does not apply to dismiss or stay this action in deference to any other action.[5] The *Kurtz v. Kimberly-Clark Corp.,* No. 1:14-cv-1142-PKC (E.D.N.Y.) case involves different parties – both plaintiff and defendants – and pertains to entirely different products, product-design, and manufacturing processes. And while the *Palmer v. CVS Health & Nice-Pak Products, Inc*., No. 1:17-cv-00938-CCB (D. Md.) case names the same two defendants,[6] the *Palmer* action has not been certified as a class action and Defendants do not confirm that the *Palmer* and *Cholewa* represent the same products or the same time period. The first-filed doctrine, therefore, cannot operate as a basis to stay or dismiss this action.[7]

For these reasons, a motion to dismiss by Defendants would ultimately be denied.

Respectfully submitted,

*/s/ Mark S. Reich*

MARK S. REICH

cc: All counsel of record (via ECF)

---

[4] Defendants also argue that the first-filed doctrine would be appropriate here because there is a similar case currently pending in the District of Maryland. Ltr. at 3. In effect, based on Defendants' purported grounds under *Bristol*-Myers (point III) and the first-filed doctrine (point IV), their arguments conflict with each other in that any deference to the Maryland action would require the certification of a nationwide class in the first-filed action – which Defendants claim is not possible.

[5] The first-filed doctrine applies "when identical or substantially similar parties and claims are present in both courts," *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir. 1992), and where "a determination in one action leaves little or nothing to be determined in the other." *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 301 (S.D.N.Y. 2011).

[6] It is worth noting that the documents produced in *Palmer* can, with Defendants' consent, be utilized in the instant action. This would obviate any undue burden on Defendants.

[7] *See Lac Anh Le v. Pricewaterhousecoopers LLP*, No. C-07-5476-MMC, 2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008) (denying the defendant's motion to stay under the first-to-file rule because the classes had not yet been certified and the named plaintiffs were not the same).